916 F.2d 715
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
McQUEEN BROTHERS PRODUCE CO., INC., Petitioner,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE, Respondent.
 No. 88-3214.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 26, 1990.*
Decided Oct. 18, 1990.
 
 Before CUMMINGS and WOOD, JR., Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 The United States Department of Agriculture filed a complaint alleging that McQueen Brothers Produce Company, Inc., (McQueen Brothers) engaged in actions constituting wilful, flagrant, and repeated violation of the Perishable Agricultural Commodities Act (PACA). See 7 U.S.C. Sec. 499a et seq. After a disciplinary hearing conducted pursuant to 7 U.S.C. Sec. 499h, the Administrative Law Judge (ALJ) held that McQueen Brothers violated the PACA, and ordered that the violation be published. McQueen Brothers appealed that determination to the Judicial Officer, who upheld the ALJ's decision. Pursuant to 28 U.S.C. Sec. 2342(2), McQueen Brothers appeals to this court, alleging that the ALJ improperly relied on hearsay evidence in finding the PACA violation. We now affirm.
 
 
 2
 In order to demonstrate the violations of the PACA alleged in its complaint, the Department of Agriculture (the "Department") was required to prove that McQueen Brothers was a commission merchant, dealer, or broker of perishable agricultural commodities and thus subject to licensing under the PACA. See 7 U.S.C. Sec. 499b(2). In addition, the Department had to demonstrate that McQueen Brothers in a wilful, flagrant, and repeated manner, violated the PACA by failing to make full and prompt payment to 20 sellers for 71 lots of perishable agricultural commodities and failing to maintain sufficient assets in trust to meet the requirements of the PACA. See 7 U.S.C. Secs. 499b, 499b(4), 499e(c).
 
 
 3
 At the hearing before the ALJ, the Department introduced invoices representing accounts payable records obtained from the two principal officers of McQueen Brothers. Those invoices evidenced contracts for the purchase of perishable agricultural commodities by McQueen Brothers and by Al McQueen and Sons. In addition, the Department produced copies of a voluntary bankruptcy petition filed by McQueen Brothers which listed debts owed by it. The amounts listed on that petition corresponded to the amounts alleged in the Department's complaint for 14 out of 20 sellers, and indicated that McQueen Brothers was responsible for debts incurred by Al McQueen and Sons. Based largely upon that evidence, the ALJ held that McQueen Brothers had engaged in wilful violation of the PACA.
 
 
 4
 The issue presented on appeal is whether the ALJ could properly rely almost exclusively on hearsay evidence to find a PACA violation. McQueen Brothers argues that the invoices and the bankruptcy petition constituted hearsay which could not form the sole basis for the decision. We note initially that much of the evidence characterized as hearsay could meet established exceptions to the hearsay exclusion rules. Even assuming all of the challenged evidence is hearsay, however, McQueen Brothers cannot succeed on their claim.
 
 
 5
 "It is well settled that hearsay may constitute substantial evidence in administrative hearings if factors assuring the underlying reliability and probative value of the evidence are present." Gimbel v. Commodity Futures Trading Comm'n, 872 F.2d 196 (7th Cir.1989), citing Richardson v. Perales, 402 U.S. 389, 402 (1971). This principle has been applied to administrative hearings in a variety of contexts, see Gimbel v. Commodity Futures Trading Comm'n, 872 F.2d 196 (7th Cir.1989), Consolidation Coal Co. v. Chubb, 741 F.2d 968, 972 (7th Cir.1984), and precludes an argument that hearsay may not provide the basis for the ALJ's decision. Under Perales, the ALJ could rely entirely on hearsay evidence as long as it was probative and McQueen Brothers had an opportunity to subpoena the declarant and cross-examine him or her. In this case, those requirements were satisfied. The hearing before the ALJ provided McQueen Brothers with the opportunity to subpoena and examine witnesses, although it chose not to exercise that right.
 
 
 6
 Moreover, the ALJ could properly believe that the invoices and the voluntary bankruptcy petition accurately detailed the transactions in which McQueen Brothers was involved, and therefore the hearsay evidence was probative. In fact, a number of courts explicitly have declared that invoices and bankruptcy petitions properly may be used to evidence violations of the PACA. See Veg-Mix, Inc. v. United States Department of Agriculture, 832 F.2d 601 (D.C.Cir.1987); United Fruit & Vegetable Co. v. Director of Fruit & Vegetable Division, U.S.D.A., 668 F.2d 983 (8th Cir.1982). Considering the testimony and hearsay evidence introduced by the Department, the record contains substantial evidence to support the ALJ's determination. The record indicates that McQueen Brothers was a dealer as defined in the PACA because it was engaged in the purchase of perishable agricultural commodities weighing more than one ton. Moreover, the invoices and bankruptcy petition indicated that McQueen Brothers failed to make prompt payment and failed to maintain sufficient assets in trust to meet its obligations. Accordingly, the decision of the ALJ upheld by the Judicial Officer is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Petitioner-Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record